WO                                                                                              SKC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel Hope,<br><br>               Plaintiff,<br><br>v.<br><br>Sheldon Epstein, et al.,<br><br>               Defendants. | No. CV 19-05271-PHX-JAT (CDB)<br><br>**ORDER** |

Pending before the Court in this pro se civil rights action for injunctive relief is Defendant Arizona Department of Corrections (ADC) Director David Shinn's Motion to Dismiss, which Defendant Centurion has joined. (Doc. 9; Doc. 12.) The Court will grant the Motion to Dismiss, dismiss Defendants Shinn and Centurion without prejudice, dismiss remaining Defendant Dr. Sheldon Epstein without prejudice, and terminate this action.

**I.      Background**

Plaintiff Joel Hope, who was then confined in the Arizona State Prison Complex-Lewis, filed a request for expedited injunctive relief in *Parsons v. Ryan*, CV 12-00601-PHX-ROS, naming as Defendants Dr. Sheldon Epstein; Dr. Pearson; former ADC Director Charles Ryan; and Corizon Health Care Services ("Corizon"), a private entity that, until July 1, 2019, was responsible for providing healthcare to prisoners under a contract with ADC. (*Id.*, Doc. 3362.) The Court ordered in *Parsons* that Plaintiff's request for injunctive relief be filed as a case-initiating document in a new individual action. (*Id.*, Doc. 3372.)

Pursuant to that Order, the Court initiated this action and filed Plaintiff's request for injunctive relief as a pro se civil rights complaint. (Doc. 1.)

In the Complaint, Plaintiff relevantly alleged that, when he entered ADC custody, Defendant Dr. Epstein took his medical shoes that had been prescribed for him due to a partial right foot amputation and issued him a pair of "deck shoes," which every prisoner is provided. The deck shoes have no cushion or support, and, as a result, Plaintiff could barely walk, and his foot became swollen, causing unbearable pain to his foot and sacroiliac joint. Plaintiff submitted an inmate letter, Health Needs Requests, an informal complaint, and a grievance, but he still did not receive medical shoes. (Doc. 1.)

In light of the seriousness of Plaintiff's allegations, the Court waived the requirement that the Complaint be filed on a Court-approved form and that Plaintiff either pay the $350.00 civil action filing fee and the $50.00 administrative fee or file an Application to Proceed In Forma Pauperis and, instead, granted in forma pauperis status sua sponte and screened the Complaint. (Doc. 4.)

On screening pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment deliberate indifference claim against Defendant Dr. Epstein and a claim for prospective injunctive relief against Defendant former ADC Director Charles Ryan in his official capacity. The Court substituted current ADC Director Shinn, in his official capacity, for Defendant Ryan, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and joined as a Defendant current ADC-contracted private healthcare provider Centurion of Arizona LLC ("Centurion"), pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure. (*Id.*) The Court ordered expedited service on Defendants Epstein, Shinn, and Centurion, and required them to answer; and it dismissed without prejudice Defendants Pearson, Ryan, and Corizon. (Doc. 4.)

**II. Motion to Dismiss**

In his Motion to Dismiss, Defendant Shinn presents evidence that, since filing his request for injunctive relief, Plaintiff has been released from custody. (Doc. 9 at 1; Doc. 9-

1 at 2 (Inmate Data Search for Joel R. Hope, ADC #336676).)[1] Shinn argues that, because Plaintiff is no longer subject to the conditions for which he sought injunctive relief, his Complaint is moot and should be dismissed. (Doc. 1 at 1−2.)

Where, as here, "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," a claim is moot. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (quoting *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980) (internal quotation marks omitted); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action."). Because Plaintiff's claims have not been certified as a class action, and they apply only to him, Plaintiff's release from prison necessarily moots any claim for prospective injunctive relief. The Court will therefore grant Defendant Shinn's Motion to Dismiss and dismiss Defendant Shinn.

The Court joined Centurion as a Defendant pursuant to Rule 20(a)(2) only to ensure that it could accord complete relief in the event it granted injunctive relief against the named Defendants. (Doc. 4 at 5.) Accordingly, Plaintiff's release from prison also moots any claim against Centurion, and Centurion will also be dismissed.

With the dismissal of Defendants Shinn and Centurion, Defendant Epstein is the sole remaining Defendant in this action. The Court previously noted as to Corizon that Plaintiff appeared only to seek injunctive relief, and it therefore dismissed Corizon without prejudice to Plaintiff filing an amended complaint if he later wished to seek monetary damages against Corizon. (Doc. 4 at 4−5.) That same analysis applies to Defendant Epstein. In his Complaint, Plaintiff did not expressly seek monetary damages but requested only that "this court [] intervene" in the loss of his medical shoes. (Doc. 1 at 3.) Because Plaintiff did not seek monetary damages, and any request for injunctive relief is now moot, the claim against Defendant Epstein is also moot and will be dismissed. *See Abigninin v.*

---

[1] Indeed, mail sent to Plaintiff from the Court has been returned as undeliverable. (Doc. 13.)

*AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) (a "[d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants."). The dismissal will be without prejudice to Plaintiff filing a new action for damages against Defendants Epstein and/or Corizon.

In the alternative, the Court will dismiss Defendant Epstein and this action without prejudice for failure to prosecute based on Plaintiff's failure to comply with this Court's Order and Local Rule 83.3(d), requiring that he file a change of address in the event of his release. (*See* Doc. 4 at 6.) Plaintiff was warned that failure to timely comply with every provision of this Court's Order, including filing a change of address, may result in dismissal of this action without further notice. (Doc. 4 at 6.) *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal pursuant to Rule 41(b), the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first, second, and third factors favor dismissal of this action. Plaintiff's failure to file a notice of change of address or respond to Defendants' Motion to Dismiss

shows he has lost interest in prosecuting this action, and dismissal of the action will not prejudice Defendants. The fourth factor favoring adjudication on the merits, as always, weighs against dismissal. *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) ("The first two . . . factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.").

The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In this case, the Court finds that dismissing this action with prejudice would be unnecessarily harsh. Defendant Epstein and Count Two will therefore be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Shinn's Motion to Dismiss (Doc. 9), and the Motion is **granted**; Defendants Shinn and Centurion are **dismissed** without prejudice.

(2) Defendant Epstein and this action are **dismissed** without prejudice.

(3) This action is **terminated**; the Clerk of Court must enter judgment accordingly.

Dated this 8th day of April, 2020.

James A. Teilborg
Senior United States District Judge